UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

THOMAS PRYCE. JR.,                    )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )  Case No. 4:08CV678  RWS
                                       )
ALLIED PROPERTY AND CASUALTY           )
INSURANCE COMPANY,                     )
                                       )
            Defendant.                 )

## MEMORANDUM AND ORDER

This case was originally filed in the Circuit Court of the City of St. Louis. The case was

removed to this Court by Defendant based on diversity of citizenship under 28 U.S.C. § 1332.

Plaintiff seeks to remand the case arguing that federal subject matter jurisdiction is lacking

because the amount in controversy is less than $75,000 exclusive of interest and costs.

The party seeking removal and opposing remand has the burden to establish federal

subject matter jurisdiction. In re Business Men's Assurance Co. of America, 992 F.2d 181, 183

(8th Cir. 1993). All doubts about federal jurisdiction must be resolved in favor of remand. Id.

The party seeking removal must prove, by a preponderance of the evidence, that a fact finder

could legally conclude, from the pleadings and proof adduced to the court before trial, that the

damages that the plaintiff suffered are greater than $75,000. Kopp v. Kopp, 280 F.3d 883, 885

(8th Cir. 2002).

Plaintiff's state court petition prayed for a judgment for an amount "not exceeding

$75,000." In addition, on May 29, 2008, Plaintiff filed an affidavit that affirmatively caps the

amount of damages that he can recover in this case at $75,000. As a result, I find that Plaintiff's

petition and stipulation provides a sufficient basis to conclude that the jurisdictional amount in controversy does not exceed $75,000.

Because subject matter jurisdiction is lacking in this case, 28 U.S.C. § 1447(c) requires that the case be remanded to the state court from which it was removed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Thomas Pryce's Motion to Remand [#6] is **GRANTED**.

**IT IS FURTHER ORDERED** that the parties each bear their own costs incurred by reason of these removal and remand proceedings.

An appropriate Order of Remand will accompany this Memorandum and Order.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of May, 2008.

-2-